# HARRY W. SAXTON AND AMBROSE W. TANEY, Trading as Thomas H. White & Co.,

### vs.

# MORRIS STINE AND IKE WOOLF, Trading as Reliable Rag & Metal Company.

*Contract of Sale—Construction—Nominal Damages.*

That a contract for the sale of merchandise in carload lots contained a clause, "weights guaranteed at destination," *held* to show that payments were not to be made until the arrival of the merchandise at its destination. p. 341

In case there was a breach of contract by defendants, that no substantial damage is shown does not justify an instruction that plaintiffs have offered no evidence legally sufficient to entitle them to recover, they being entitled to nominal damages. p. 342

*Decided December 9th, 1919.*

Appeal from the Court of Common Pleas of Baltimore City (AMBLER, J.).

The cause was argued before BOYD, C. J., BURKE, PATTISON and STOCKBRIDGE, JJ.

*William H. Surratt,* for the appellants.

*J. Purdon Wright* and *Armstrong Thomas,* for the appellees.

STOCKBRIDGE, J., delivered the opinion of the Court.

The plaintiffs, appellants in this case, brought suit against the defendants to recover damages for an alleged violation of contract upon the part of the defendants. The plaintiffs were residents in Baltimore City, and the defendants of Harrisburg, Pennsylvania, and the suit was in the form of a non-resident attachment which the plaintiffs caused to be issued and laid in their own hands.

The case which was tried and from the judgment in which an appeal was taken to this Court, is the short note case, in which, acting under the instructions of the Court, a verdict was rendered in favor of the defendants.

The contract, as it appeared in what was supposed to be a copy filed with the pleadings, differed slightly from the contract as proved by the plaintiffs' witness, Yeatman, though one of the points of difference has a material bearing upon this case. The contract as testified to was as follows:

"Baltimore, Md., July 18, 1917.

"We have bought of Reliable Rag and Metal Company, Harrisburg, Pa., stock on hand and entire accumulation to July 1, 1918, of dry leather scraps on the following basis:

"Upper leather scraps, including chrome and combination tannage, at twenty-six dollars ($26.00).

"Sole leather scraps, free of leather-board and foreign matter, at fifteen dollars ($15.00).

"All per ton of 2,000 lbs. basis f. o. b. cars Harrisburg, Pa.

"Shipment in carload lots of not less than thirty thousand (30,000) pounds each, as ready in seller's bags, to be paid for at ten cents (10c.) each or returned freight prepaid, buyer's option, and each lot to be loaded separately in the car. Weights guaranteed at destination.

"Terms: Cash.

"Accepted: Reliable Rag and Metal Company, per Ike Woolf; signed, Thomas H. White & Co."

The prayer offered by the defendants at the close of the plaintiffs' testimony was: "The defendant prays the Court to instruct the jury that the plaintiff has offered no evidence legally sufficient to entitle the plaintiff to recover and their verdict must be for the defendant." This prayer was granted by the Court, a verdict rendered in accordance therewith, judgment entered on the verdict, and the plaintiffs appealed.

The action of the Court in granting the defendants' prayer constitutes the sole bill of exceptions in this case. More than one half of the record is occupied with correspondence which passed between the parties to the suit with reference to the performance or non-performance of the provisions of the contract. Each side claims the contract to have been broken, and each side insists that the other was the party by whom the breach was committed.

The case is somewhat complicated by reason of the fact that the parties had dealings with one another in regard to matters not embraced under the terms of the contract, and in the accounts kept by the plaintiffs all dealings, whether under the contract or not, were entered in the one account, so that it is difficult from the testimony which the record contains to determine what payments made by the plaintiffs to the defendants were for goods purchased under the contract hereinbefore recited, and what, if any, were properly applicable to transactions not covered by the contract.

The defendants in their requests for remittances frequently used the term "Advances," which might be applicable to either class of goods purchased. The plaintiffs on the other hand in most instances made reference to particular carload lots, and as frequently happens where a similar course of the shipment of goods and remittances for them takes place, it is not always easy to determine what was the real intent of the parties with regard thereto.

On October 31, 1917, the defendants made a request for further payment, which was declined by the plaintiffs upon the alleged ground that the $3,500 already "advanced" to

them more than covered payment in full for all goods received under the contract; whereupon the defendants notified the plaintiffs verbally that no further shipment would be made to them, except in cases where, when the shipment was made, a draft was drawn upon White & Co. with bill of lading attached for the carload of goods then shipped.

This position was subsequently reiterated by correspondence. This condition of shipment, announced for the first time on October 31st by Mr. Woolf, one of the defendants, to Mr. Yeatman, was clearly a breach of the contract, unless such a mode of procedure was authorized by the contract entered into on July 18th.

Upon this point the contention on behalf of the Reliable Rag & Metal Company is that the sentence in the contract: "All per ton of 2,000 lbs. basis f. o. b. cars Harrisburg, Pa.," means that the payment was due as soon as they had loaded the leather scrap on the cars at Harrisburg, and received the bill of lading therefor, the railroad as a common carrier becoming from that time the agent of the vendee. If there was nothing else than this in the contract, there might be some ground for the defendants' contention, but the contract also contains this stipulation: "Weights guaranteed at destination," so that it was impossible until the goods had arrived here and been weighed for the plaintiffs to have any means of verifying and giving force to this provision of the contract, so that the payment for the goods became due, and, therefore, the position taken by the defendants was a distinct breach of the contract.

This is the more emphasized when reference is had to the letter from White to the defendants of July 19, 1917, in which it was said that the defendants "contemplated shipping seven or eight carloads or more every month, but preferred not to embody in the contract any guaranty as to quantity." The contract, therefore, was entirely silent as to the amounts sold and to be shipped under it, but a guaranty was given with regard to the weight of the leather scraps on their arrival at the point of destination.

The case is thus clearly differentiated from that of *Mc-Grath* v. *Gegner,* 77 Md. 331, relied upon by the defendants, and the same may be said of numerous other cases involving the same or similar questions decided by this Court.

The appellees also seek to uphold the judgment rendered by the Court of Common Pleas upon the ground that no damages were proven, *i. e.,* no substantial damages, and this is to a large extent true, for the evidence offered by the plaintiffs is not of a character to afford the Court a basis for the proper instruction as to the measure of damages.

But if there was a breach of the contract upon the part of the defendants, the plaintiffs were at least entitled to nominal damages, and the action of the Court in instructing the jury that the plaintiffs had offered no evidence legally sufficient to entitle them to recover was error.

For the reasons indicated the judgment below will be reversed, and the case remanded for a new trial.

*Judgment reversed, and cause remanded for a new trial, the appellees to pay the costs.*